Judgment and order reversed, and cause remanded for a new trial.

Ross, J., and McKinstry, J., concurred.

Hearing in Bank denied.

---

[No. 10,977.   Department Two. — April 29, 1884.]
## EX PARTE FRED WHITTY ON HABEAS CORPUS.

CRIMINAL LAW — HABEAS CORPUS— APPEAL —STAY OF EXECUTION. — Where an appeal is taken to the Superior Court from a judgment of a Justice's Court, adjudging the defendant guilty of battery, and sentencing him to imprisonment for a certain term, and defendant is released from custody pending the appeal, he must be recommitted to prison, upon a dismissal of the appeal, notwithstanding no certificate of probable cause was filed.

APPLICATION for writ of habeas corpus.   The petitioner was convicted of battery by a Justice's Court and sentenced to fifty days' imprisonment.   He appealed from the judgment to the Superior Court, and was released from custody pending the appeal.   The Superior Court dismissed the appeal, and an order was made recommitting him to prison.   The fifty days expired during the pendency of the appeal, and a discharge from imprisonment under the order was asked on the ground that the appeal did not stay the execution because there was no certificate of probable cause.

W. E. Turner, and L. J. Maddux, for Petitioner.

The COURT. — If giving notice of appeal and filing a bond would have stayed execution of sentence pending the appeal, it is sufficiently clear that on the dismissal of the appeal the petitioner herein might have been recommitted to prison.   This is not disputed.   But it is claimed that the appeal did not stay execution because there was no "certificate of probable cause," such as the Code requires in order to have the appeal operate as a stay. The appeal, however, was duly taken, and the justice, sheriff, and petitioner treated it as a stay of execution during its pendency.   We think, under such circumstances, the same effect

should be given to the dismissal of the appeal as would be given to it if there had been a certificate of probable cause.

Application denied and petitioner remanded.

[No. 9,032.   Department One. — April 30, 1884.]

T. N. HOWELL, RESPONDENT, *v.* C. F. FOSTER, APPELLANT.

PLEADING — REPLEVIN — CLAIM FOR AFFIRMATIVE RELIEF. — The action was to recover possession of certain grain and hogs of which plaintiff claimed ownership. The defendant, a sheriff, denied the ownership of the plaintiff, and justified his possession under certain writs of attachment. He also alleged that after his levy under these writs, the plaintiff took the property from his possession by a writ of replevin, and he asked for its return. At the trial, the court permitted the plaintiff to amend his complaint by striking out all allegations in relation to the hogs, upon the oral statement of his counsel that the hogs had not been levied upon by the defendant, and also struck out from the answer all reference thereto. *Held,* that this was error, for if the averments of the answer were true, the effect of the action of the court would be to give possession of the hogs to the plaintiff, without affording the defendant an opportunity to try the question of his right to their return.

ATTACHMENT — LANDLORD AND TENANT. — A crop raised by a tenant of land, who holds under a lease containing a covenant that the entire crop shall be the property of the landlord until all advances made by him to the tenant shall be paid, is not subject to attachment by a creditor of the tenant while such advances remain unpaid.

APPEAL from a judgment of the Superior Court of Tehama County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*John F. Ellison.* and *I. S. Belcher,* for Appellant.

In an action of replevin where the defendant claims a return of the property to him, each party is an actor. The court erred in allowing the plaintiff to dismiss his complaint as to the hogs, and in striking out from defendant's amended answer all that part relating to the hogs. (Code Civ. Proc. § 581 ; *Gould* v. *Scannell,* 13 Cal. 431.) Mayfield had an attachable interest in the crop. He was tenant in common with the owner of the land. (*Hewlett* v. *Owens,* 50 Cal. 474 ; *Bernal* v. *Hovious,* 17 Cal. 542 ; *Knox* v. *Marshall,* 19 Cal. 622 ; *Walls* v. *Preston,* 25